**[This opinion has been published in *Ohio Official Reports* at 69 Ohio St.3d 489.]**

THE STATE EX REL. SEIKBERT, APPELLANT, *v*. WILKINSON, DIRECTOR, ET AL.,
APPELLEES.

[Cite as *State ex rel. Seikbert v. Wilkinson*, 1994-Ohio-39.]

*Mandamus to compel release on parole after minimum term of incarceration had
expired—Complaint dismissed, when.*

(No. 92-1231—Submitted April 5, 1994—Decided June 22, 1994.)

APPEAL from the Court of Appeals for Franklin County, No. 91AP-1181.

_____

{¶ 1} Ronald W. Seikbert, relator-appellant, filed a complaint in the
Franklin County Court of Appeals on October 16, 1991 seeking a writ of mandamus
to compel Reginald Wilkinson, Director of the Ohio Department of Rehabilitation
and Correction, and Raymond Capots, Chairman of the Ohio Adult Parole
Authority ("APA"), respondents-appellees, to release him from the Chillicothe
Correctional Institution.

{¶ 2} Seikbert's complaint alleged that he had entered into a plea agreement
with the state of Ohio in November 1986 on a charge of attempted rape in the
Hamilton County Court of Common Pleas. Seikbert was sentenced to a term of
four-to-fifteen years on the attempted rape charge and a concurrent term of two
years on a gross sexual imposition charge. According to Seikbert, his attorney had
advised him that in return for his guilty plea, he would be released on parole after
serving his minimum four-year term, as reduced by any good-time credits he would
earn. Seikbert claimed that his release from prison following completion of his
minimum term constituted part of the plea agreement. In 1989 and 1991, following
parole hearings, the APA continued Seikbert's incarceration and did not release him
on parole although his minimum term of incarceration, as reduced by his good-time
credits, had expired.

**{¶ 3}** On February 28, 1992, a referee of the court of appeals filed a report recommending that the court grant appellees' Civ.R. 12(B)(6) motion to dismiss Seikbert's complaint because it failed to state a claim upon which relief can be granted. Seikbert filed a notice of appeal from the referee's recommendation to this court instead of filing objections to the report. The court of appeals subsequently adopted the referee's report and dismissed the complaint.

**{¶ 4}** This cause is before the court upon an appeal as of right.

———————————

*Ronald W. Seikbert*, *pro se*.

———————————

**Per Curiam.**

**{¶ 5}** Seikbert asserts that the court of appeals erred in dismissing his complaint for a writ of mandamus since the APA ignored his plea agreement by failing to release him on parole after his minimum term of incarceration had expired. In order to be entitled to a writ of mandamus, the relator must establish a clear legal right to the relief prayed for, that respondent has a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law. *State ex rel. Donaldson v. Alfred* (1993), 66 Ohio St.3d 327, 329, 612 N.E.2d 717, 719.

**{¶ 6}** In reviewing a complaint upon a motion to dismiss pursuant to Civ.R. 12(B)(6), a court must presume that all factual allegations are true and all reasonable inferences must be made in favor of the nonmoving party. *Perez v. Cleveland* (1993), 66 Ohio St.3d 397, 399, 613 N.E.2d 199, 200. Additionally, in order to dismiss a complaint under Civ.R. 12(B)(6), it must appear beyond doubt that relator/plaintiff can prove no set of facts warranting relief. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. Nevertheless, unsupported conclusions of a complaint are not considered admitted and are not sufficient to withstand a motion to dismiss.

See, *e.g.*, *State ex rel. Hickman v. Capots* (1989), 45 Ohio St.3d 324, 544 N.E.2d 639 (an inmate must plead specific facts to withstand dismissal of a complaint for a writ of mandamus); cf. *State ex rel. Horwitz v. Cuyahoga Cty. Court of Common Pleas, Probate Div.* (1992), 65 Ohio St.3d 323, 325, 603 N.E.2d 1005, 1007 (Civ.R. 12[B][6] motions attack the sufficiency of the complaint and may not be used to summarily review the merits of a cause of action in mandamus.).

{¶ 7} R.C. 2967.03 vests discretion in the APA to "grant a parole to any prisoner, if in its judgment there is reasonable ground to believe that * * * such action would further the interests of justice and be consistent with the welfare and security of society."  However, R.C. 2967.03 creates no expectancy of parole or a constitutional liberty interest sufficient to establish a right of procedural due process.  *Hattie v. Anderson* (1994), 68 Ohio St.3d 232, 233, 626 N.E.2d 67, 69; *State ex rel. Adkins v. Capots* (1989), 46 Ohio St.3d 187, 188, 587 N.E.2d 412, 413. In other words, Ohio law gives a convicted person no legitimate claim of entitlement to parole prior to the expiration of a valid sentence of imprisonment. *Inmates of Orient Correctional Inst. v. Ohio State Adult Parole Auth.* (C.A.6, 1991), 929 F.2d 233, 235.

{¶ 8} Seikbert does not contend that his criminal sentence has expired or that the APA's decision not to grant parole was motivated by vindictiveness rather than appropriate considerations. See *Hattie*, *supra*.  Instead, Seikbert claims that a plea agreement has been breached and that he is thereby entitled to specific performance of the agreement, *i.e.*, release on parole, since he has served his four-year minimum term of imprisonment.

{¶ 9} Seikbert cites *Santobello v. New York* (1971), 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427, and *Bordenkircher v. Hayes* (1978), 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604, in support of his argument on appeal.  However, neither of the foregoing cases holds that extraordinary relief is available whenever a plea agreement is breached by the state.  The United States Supreme Court has refused

to hold that the United States Constitution always *requires* specific performance of a plea agreement as the remedy for a broken promise. *Mabry v. Johnson* (1984), 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437; *State v. Luciano* (July 18, 1991), Cuyahoga App. No. 58812, unreported. Further, the affidavit incorporated as part of Seikbert's complaint indicates only that his own counsel represented to him that he would be released after serving his minimum sentence. Finally, Seikbert possesses an adequate legal remedy to rectify any alleged breach of the plea agreement by filing a motion with the sentencing court to either withdraw his previous guilty plea pursuant to Crim.R. 32.1 or specifically enforce the agreement. See, *e.g.*, *State v. Mathews* (1982), 8 Ohio App.3d 145, 8 OBR 202, 456 N.E.2d 539.

{¶ 10} Therefore, it appears beyond doubt that Seikbert could prove no set of facts entitling him to extraordinary mandamus relief. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

————————————