IN MANDAMUS MEMORANDUM DECISION
Relator, Donald Lee Fugett, filed a writ of mandamus asking this court to order respondent, Ronald J. O'Brien, Franklin County Prosecutor, to produce certain documents pursuant to R.C.149.43.
A relator is entitled to a writ of mandamus when he or she has a clear legal right to the relief prayed for, the respondents are under a clear legal duty to perform the requested act, and the relator has no plain and adequate remedy at law.State ex rel. Seikbert v. Wilkinson (1994), 69 Ohio St.3d 489. Mandamus is an "extraordinary remedy to be issued with great caution and discretion." State ex rel. Taylor v. Glasser (1977),50 Ohio St.2d 165, 166.
In this case, relator seeks this mandamus action ordering respondent to make available various documents concerning a witness in relator's criminal case that resulted in his conviction of rape, aggravated burglary and robbery. As noted above, relator seeks to inspect the above documents pursuant to R.C. 149.43, which allows persons to make a request to inspect public records kept by a governmental unit.
We recognize that, under R.C. 149.43(C), if a governmental unit fails to make public records available to a person so requesting, the person allegedly aggrieved may commence a mandamus action to obtain a judgment that orders the governmental unit to make the public records available for inspection. However, relator has failed to produce evidence that shows he made a proper request to respondent for inspection of the above documents and that respondent denied relator access to the documents.
Therefore, we conclude that relator failed to meet the conditions of R.C. 149.43(C), which would entitle him to a writ of mandamus. As such, we deny relator's request for a writ of mandamus.
Writ of mandamus denied.
DESHLER and PETREE, JJ., concur.