OPINION
Defendant-appellant, Gregory Ramey, appeals the decision of the Belmont County Court of Common Pleas with respect to his conviction on two counts of assault.
On February 9, 1998, while incarcerated in the Belmont Correctional Institute, appellant struck Officer Eugene Burress on the chin several times. At the time, appellant was serving an indefinite term of 4 to 15 years on a charge of felonious assault. On April 1, 1998, appellant was indicted on one count of assault on a correction officer in violation of R.C. 2903.13 (A) and (C) (2). Appellant was arraigned on the charge and a pretrial conference was conducted on May 20, 1998.
Following the pretrial conference, appellant was returned to the Belmont Correctional Institute whereupon he attacked another correction officer, Mark Winters. Appellant was thereafter indicted on one count of felonious assault in violation of R.C.2903.11(A)(1). The indictment also contained a repeat violent offender specification. On September 25, 1998, the felonious assault charge was amended to assault on a correction officer and the repeat violent offender specification was dropped, whereupon appellant entered pleas of guilty to both charges. The trial court ordered appellant to serve nine months incarceration for each charge, which sentences were to run consecutively with each other and consecutive to the felonious assault charge appellant was already serving. It is from this sentencing order that appellant now brings this appeal.
Appellant raises two assignments of error, the first of which states:
 "The Court abused its discretion in sentencing the Appellant to two (2) nine (9) month terms in the penitentiary to run consecutively as the Parole Board had increased the Appellants' [sic] sentence an additional six years on the same offense."
At the sentencing hearing held on September 25, 1998, counsel for appellant stated that as a result of the two charges, the Parole Board had increased appellant's minimum sentence on the felonious assault charge from 4 years to 10 years, an increase of six years. Appellant's argument appears to be that once the Parole Board undertook said action, the trial court violated the double jeopardy clause of the United States Constitution by sentencing appellant to an additional eighteen months incarceration.
The record on appeal fails to substantiate appellant's claim. There are no records evidencing any action taken by the Parole Board, nor any indication as to whether or by what authority said body increased appellant's minimum sentence on the original felonious assault charge. Other than trial counsel's unsupported declaration, the record fails to demonstrate that appellant's sentence was in any way modified.
In any event, even if appellant was denied parole for an additional six years, such does not amount to a constitutional violation. Ohio law gives a convicted person no legitimate claim of entitlement to parole prior to the expiration of a valid sentence of imprisonment. State ex rel. Seikbert v. Wilkinson
(1994), 69 Ohio St.3d 489, 490. As such, appellant's first assignment of error is without merit.
Appellant's second assignment of error states:
 "The Court erred as the mitigating factors in these cases were not considered."
Appellant appears to argue that his history of criminal behavior demonstrates that further incarceration would not effectively transform appellant's attitudes towards society. Appellant argues that he was simply searching for respect from his fellow human beings and that he therefore should have been sentenced to some form of counseling rather than additional incarceration.
Our review of the record indicates that the trial court fully considered the statutory sentencing criteria. The trial court found that appellant had a history of criminal convictions, including one for felonious assault, that appellant had not responded favorably to previously imposed sanctions, that appellant's criminal acts had both been committed while appellant had been incarcerated, and that appellant had not expressed genuine remorse. Appellant claims that the trial court failed to consider mitigating factors, yet fails to point to any that were overlooked. Having fully considered the statutory sentencing criteria, the trial court did not abuse its discretion in sentencing appellant to nine months incarceration for each offense.
Appellant's second assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
Cox, J., concurs
Waite, J., concurs
 APPROVED: __________________________ Gene Donofrio Judge