OPINION
Plaintiff-appellant, Timothy Papp, appeals from a judgment of the Franklin County Court of Common Pleas granting the Civ.R. 12(B)(6) motion to dismiss of defendant-appellee, Ohio State Adult Parole Authority ("OAPA"). Because the trial court properly determined plaintiff's complaint fails to state a claim on which relief may be granted, we affirm.
Plaintiff is an inmate at the Allen Correctional Facility. In 1973, and again on retrial in 1978, plaintiff was convicted of murder and sentenced to a term of fifteen years to life imprisonment. In 1979, pursuant to a plea agreement involving a separate offense, plaintiff pleaded no contest to a charge of conspiracy to commit aggravated murder. He was found guilty and sentenced to a term of four to twenty-five years of imprisonment to be served concurrently with the sentence imposed for the previous murder conviction.
In February 1998, plaintiff had a parole hearing before the OAPA. The OAPA denied plaintiff parole and determined that he would be reviewed again for parole in five years. On July 17, 2000, a parole hearing officer conducted a "half-time review" of plaintiff's continued sentence; at that time plaintiff had served three hundred thirty-three months of imprisonment. In the review, the hearing officer utilized revised parole guidelines implemented on March 1, 1998. The revised guidelines provide for a grid system that classifies an offender according to the seriousness of the offense(s) committed and the offender's criminal history and risk. Using the guidelines, the hearing officer found plaintiff's murder conviction to be a Category 13 offense, the most serious offense category. According to the guideline range, plaintiff would have to serve three hundred months to life imprisonment before he would be considered for release on parole. Plaintiff's conspiracy conviction was classified as a Category 10 offense, for which plaintiff is to serve one hundred fifty to two hundred ten months of imprisonment before the possibility of release on parole.
Utilizing "Rule K" of the parole guidelines, the hearing officer aggregated, or added together, the terms to be served for the two offenses, resulting in plaintiff having to serve a minimum of four hundred fifty months before possible release on parole. As a result, parole was denied because of the "Guideline Range"; plaintiff's next parole hearing date was set for April 2003, at which time plaintiff will have served three hundred sixty-six months of his sentences. The OAPA affirmed the hearing officer's recommendation.
On October 16, 2000, plaintiff filed a complaint against the OAPA and the Franklin County Prosecuting Attorney, seeking declaratory judgment and injunctive relief. Basing his action on a contract theory, plaintiff alleged in the trial court, as he asserts on appeal, that the OAPA's aggregation of the terms to be served for his two offenses constitutes a breach of plaintiff's plea agreement "as memorialized by the Judgment Entry of the Court of Common Pleas, Franklin County" for the 1979 conviction. More particularly, plaintiff alleged the 1979 judgment entry sentenced him to a term of four to twenty-five years to run concurrently with the sentence plaintiff was serving for murder. As of the time of his complaint plaintiff had served three hundred thirty-five months of imprisonment for the murder offense. Because his served time was within the "300 months to Life" category for the murder offense as indicated on the revised parole guideline chart, plaintiff requested (1) the OAPA be ordered to provide him with a viable rehearing for consideration of his release on parole, and (2) Rule K of the parole guidelines not be applied to plaintiff in light of his plea agreement.
On July 10, 2001, the trial court granted OAPA's motion to dismiss plaintiff's complaint pursuant to Civ.R. 12(B)(6), concluding plaintiff has neither a constitutional nor a contractual right to parole, and the OAPA's use of the parole guidelines does not violate plaintiff's plea agreement. Plaintiff appeals, assigning the following errors:
 I. THE TRIAL COURT ERRORED [sic] IN DISMISSING PLAINTIFF/APPELLANT'S COMPLAINT FOR FAILURE TO STATE A CLAIM WHEN THE DEFENDANT/APPELLEE OHIO ADULT PAROLE AUTHORITY FAILED TO ABIDE BY THE CONTRACT-PLEA AGREEMENT WITH THE PLAINTIFF IN THE STATE OF OHIO.
 II. THE TRIAL COURT ERRORED IN IGNORING THE PLAIN ALLEGATION THAT THE DEFENDANT/ APPELLEE OHIO ADULT PAROLE AUTHORITY IN EFFECT RE-SENTENCED THE PLAINTIFF/ APPELLANT BY AGGREGATING PLAINTIFF/ APPELLANT'S SENTENCES IN CONCURRENTLY IMPOSED SENTENCES, THUS EXERCISING AN AUTHORITY THAT HAS BEEN CONSTITUTIONALLY RESERVED TO THE JUDICIARY.
Plaintiff's assignments of error are interrelated and will be discussed together. Plaintiff's arguments are focused on Rule K of the revised parole guidelines, which states:
 Confinement/Escape Violator This Time. In these cases, the offense severity category is calculated for both the crime committed while in custody or on escape status is [sic] and the crime for which the offender was serving the sentence are calculated separately and the times to be served for each of the offenses are added together.
Plaintiff asserts the OAPA breached his plea agreement by utilizing Rule K and aggregating the parole guidelines category ranges for his two offenses, resulting in plaintiff having to serve four hundred fifty months of imprisonment before being considered for release on parole. Plaintiff contends that because his plea agreement and sentence provide for concurrent sentences, he should have been considered for parole after serving three hundred months, the minimum guidelines range for his murder offense. Plaintiff further submits the OAPA's actions violate the separation of powers, under which sentencing is solely a function of the judiciary.
Plaintiff filed a complaint for declaratory judgment, which is a civil action that provides a remedy in addition to other legal and equitable remedies available. Aust v. Ohio State Dental Bd. (2000),136 Ohio App.3d 677, 681. "The essential elements for declaratory relief are (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties." Id. Because plaintiff claims the OAPA's action violates the terms of his plea agreement, plaintiff presents a justiciable controversy for our consideration. Since plaintiff is currently serving his prison term, speedy relief may be necessary to preserve plaintiff's right under his plea agreement.
The dismissal of a complaint pursuant to Civ.R. 12(B)(6) presents a question of law which we review de novo. State ex rel. Drake v. Athens Cty. Bd. of Elections (1988), 39 Ohio St.3d 40. In construing the complaint on a motion to dismiss pursuant to Civ.R. 12(B)(6), a court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. State ex rel. Seikbert v. Wilkinson (1994), 69 Ohio St.3d 489, 490. Dismissal of a complaint for failure to state a claim upon which relief may be granted is appropriate only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id.; Shockey v. Wilkinson (1994), 96 Ohio App.3d 91,93, citing York v. Ohio State Hwy. Patrol (1991), 60 Ohio St.3d 143,144.
A plea agreement is contractual in nature, is binding, and is subject to contract law standards. State v. Graham (Sept. 30, 1998), Franklin App. No. 97APA11-1524, unreported. For purposes of plaintiff's appeal, we assume, without deciding, the OAPA is bound by the plea agreement plaintiff made with the prosecutor in his case. See Lee v. Ohio Adult Parole Auth. (Apr. 7, 2000), Montgomery App. No. 17976, unreported; Randolph v. Ohio Adult Parole Auth. (Jan. 21, 2000), Miami App. No. 99 CA 17, unreported.
Nothing, other than a bare assertion in plaintiff's brief on appeal, supports plaintiff's contention his plea agreement provides for his "parole at earliest possible date." Plaintiff's complaint does not allege he was promised in his plea agreement he would receive "parole at earliest possible date"; he would serve the minimum sentence of his murder conviction, or he would be released on parole prior to the expiration of his maximum life sentence. Nor does the affidavit plaintiff belatedly presents from his former counsel attest that such a promise was part of the plea agreement. Further, the 1979 sentencing judgment entry, which plaintiff alleges "memorialized" the plea agreement, contains no statements concerning his parole. Nothing indicates plaintiff was promised a minimum sentence or an early release date. The only promise is that his sentences will run concurrently.
Plaintiff has no constitutional, statutory, or inherent right to parole. State ex rel. Miller v. Leonard (2000), 88 Ohio St.3d 46, 47; State ex rel. Hattie v. Goldhardt (1994), 69 Ohio St.3d 123, 125; Seikbert, supra, at 490; Dozier v. Ohio Adult Parole Auth. (Mar. 30, 2000), Franklin App. No. 99AP-893, unreported. Moreover, by established principle, a prisoner has no right to be released from prison prior to the expiration of a valid sentence. Miller, supra, citing Greenholtz v. Inmates of Nebraska Penal Correctional Complex (1979), 442 U.S. 1, 7,97 S.Ct. 2100; Hattie, supra, at 123; Seikbert, supra, at 490.
Given the foregoing, plaintiff does not contend his sentences are invalid; nor does he claim on appeal the OAPA incorrectly categorized his offenses or miscalculated the individual terms to be served for each respective offense. Rather, plaintiff argues the OAPA's use of Rule K, causing plaintiff's offense guidelines ranges to be aggregated and raising plaintiff's "eligibility" for parole to four hundred fifty months, effectively denied plaintiff's eligibility for parole and placed him in a higher parole guidelines category. Relying on Randolph, plaintiff contends that action warrants reversal of the trial court's judgment.
In Randolph, the court held the OAPA is required to classify a defendant for parole eligibility on the basis of the offenses for which he was convicted, not other charges the state dismissed in a plea bargain resulting in the conviction. Specifically, the court held "the APA should place [an offender] in the appropriate offense seriousness category and guideline range in beginning its decision-making process as to his eventual release." Id. (Emphasis added.) The analysis was limited to the issue of eligibility for parole, as distinguished from a situation where a defendant was considered, but rejected, for parole. State v. Callahan (Oct. 6, 2000), Montgomery App. No. 18237, unreported; Talbert v. Ohio Adult Parole Auth. (June 12, 2001), Franklin App. No. 00AP-1461, unreported.
Here, in February 1998, a parole hearing was held before the OAPA when plaintiff had served approximately three hundred six months of imprisonment. At that time, plaintiff was eligible, considered, and rejected for parole. Cf. R.C. 2967.13. Thereafter, plaintiff remained eligible for parole, a review was held in July 2000, and his next parole hearing was scheduled for April 2003 when he will have served three hundred sixty-six months of his sentences. Thus, the aggregation of the guidelines ranges did not operate to deny plaintiff eligibility for parole. Instead, the parole guidelines, including Rule K, were appropriately utilized to determine a potentially appropriate time frame for plaintiff's potential release on parole. Moreover, unlike Randolph, the OAPA used the appropriate offense seriousness category and guideline range in assessing a time frame for plaintiff's potential release. Plaintiff's reliance on Randolph for support is accordingly unavailing. See Talbert, Callahan, supra. Plaintiff's contention that he has not been considered for parole after serving the three hundred month minimum of the guidelines range for his murder offense is wholly without merit.
Contrary to plaintiff's further assertion, the action of the OAPA in denying plaintiff parole does not invade the sentencing province of the judiciary and violate the separation of powers doctrine. In imposing sentence, the trial court "had limited power or authority to control the minimum time to be served before the offender's release on parole; the judge could control the maximum length of the prison sentence, but the judge had no power over when parole might be granted in between those parameters." Woods v. Telb (2000), 89 Ohio St.3d 504, 511. The decision whether and when to grant parole lies within the absolute discretion of the OAPA. R.C. 2967.03; Woods, supra, at 512; State ex rel. Ferguson v. Ohio Adult Parole Auth. (1989), 45 Ohio St.3d 355; State ex rel. Blake v. Shoemaker (1983), 4 Ohio St.3d 42, 43; Dozier, supra. The OAPA's use of internal guidelines does not alter the decision's discretionary nature. Hattie, supra; Thompson v. Ghee (2000), 139 Ohio App.3d 195,200; Harris v. Wilkinson (Nov. 27, 2001), Franklin App. No. 01AP-598, unreported.
Moreover, the OAPA has the discretion to consider other crimes of an offender when assessing whether to grant parole. State ex rel. Askew v. Goldhart (1996), 75 Ohio St.3d 608, 609; Hattie, supra; State ex rel. Lipschutz v. Shoemaker (1990), 49 Ohio St.3d 88; Harris, Talbert, supra; Nobles v. Ohio Dept. of Rehab. and Corr. (Dec. 5, 2000), Franklin App. No 00AP-200, unreported; Mayrides v. Ohio State Adult Parole Auth. (Apr. 30, 1998), Franklin App. No. 97APE08-1035, unreported. Plaintiff does not allege in his complaint, and does not argue here, the prosecutor promised him his conspiracy offense could not or would not be considered by the OAPA when it considered parole. Plaintiff's unilateral expectation that the OAPA would not consider his conspiracy offense in determining when plaintiff will be released on parole is insufficient to contravene the authority and discretion granted the OAPA regarding its parole decision. Harris, supra.
Presuming all factual allegations contained in plaintiff's complaint to be true, considering the attachments to his complaint, and making all reasonable inferences in favor of plaintiff, we conclude plaintiff has failed to state a claim for breach of his plea agreement, and his complaint was therefore properly dismissed pursuant to Civ.R. 12(B)(6). Accordingly, plaintiff's two assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK, P.J., and LAZARUS, J., concur.