OPINION
{¶ 1} Plaintiff-appellant, Jamal Abdul El-Ha'Kim, appeals from a Mahoning County Common Pleas Court decision granting a motion to dismiss his complaint against defendants-appellees, Mahoning County Children Services (MCCS) and Philip Murphy.
 {¶ 2} On June 13, 2002, appellant, acting pro se, filed a complaint against appellees claiming "Fraud, Mistake and Discriminatory actions." Murphy is an employee of MCCS. In the complaint, appellant makes such allegations as:
 {¶ 3} "Defendant's [sic.] knew or should have known that Plaintiff's prior convictions have no bearing under ohio [sic.] Law on His Tenant or Her Children or GrandChildren [sic.]."
 {¶ 4} "Defendant's [sic.] used a Frudulent [sic.] excuse to deny Miss. Barbara Randall, custody of Her GrandDaughter [sic.], by alledging [sic.] `Nature of Criminal History' of Mr. El-Ha'Kim, would deny Forntasia [sic.], a safe Home."
 {¶ 5} The gist of appellant's complaint seemed to allege that it was somehow unlawful for appellees to refuse to grant legal custody of a minor child named Fontasia to her grandmother, Miss Randall, because Miss Randall resides in a home appellant owns, and may also live in, and appellant has a criminal history. He claimed that because of appellees' unlawful action he was subjected to "different pains, penalties and procedures."
 {¶ 6} On July 2, 2002, appellees filed an answer raising several affirmative defenses and requesting that the court dismiss the complaint. As a basis for their motion to dismiss, appellees asserted failure to state a claim, failure to join necessary parties, and political subdivision immunity. Appellant subsequently filed what he termed an "Amended Complaint." The amended complaint essentially argued that the court should not grant appellees' motion to dismiss. Appellees filed an answer again reiterating their request for a dismissal. Next, on August 16, 2002, appellant filed a motion for summary judgment. In this motion appellant alleged that since Murphy is an individual, political subdivision immunity did not apply to him and that R.C. 2744 is unconstitutional. He also stated that his complaint did not seek monetary damages from appellees.
 {¶ 7} On September 30, 2002, the trial court granted appellees' motion stating no set of facts existed that would entitle appellant to relief and that appellant failed to state a claim upon which it could grant relief. Appellant filed a timely notice of appeal on October 2, 2002 and an amended notice of appeal on November 12, 2002.
 {¶ 8} Appellant, acting pro se, alleges two assignments of error, which state:
 {¶ 9} "The trial court committed error in not determining whether or not statute 2744.02 and sections therein supercede the fourteenth amendment of the United States and section 16, article 1 of the Ohio Constitution."
 {¶ 10} "The Trial Court Committed Error In Not Determining Whether Or Not Qualified Immunity Grants Defendant-appellee's [sic.] A Legal Right To Discriminate While Acting Under Color Of Law As A Political Subdivision In The State Of Ohio."
 {¶ 11} Appellant contends that he has not been afforded the right to redress his injuries because he is poor. He requests that we determine (1) whether the legislature intended "the Statute" to cover appellees' actions and (2) if "the Statute" applies, what effect the legislature intended it to have. Appellant does not specify what statute he is referring to. Presumably, he means certain sections of R.C. 2744. and R.C. 3314.07 because he references these sections elsewhere in his brief. He appears to allege these sections are unconstitutional. Finally, he states that the question before the court is: "Does Qualified Immunity grant them [appellees] the right to Discriminate?"
 {¶ 12} Since appellant appeals from the trial court's judgment dismissing his complaint for failure to state a claim upon which relief can be granted, the propriety of that decision is the issue properly before this court. However, appellant's brief does not assert any arguments why this court should reverse the trial court's decision dismissing his complaint. Instead, he requests that this court consider the constitutionality of a statute and the legislature's intent regarding that statute. We cannot address the merits of appellant's allegation, as these matters are not properly before this court. Still, in the interest of justice, we will review whether the trial court properly dismissed appellant's complaint.
 {¶ 13} A motion to dismiss for failure to state a claim upon which relief can be granted is a procedural motion that tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.
(1992), 65 Ohio St.3d 545, 548. In order to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must find beyond doubt that appellant can prove no set of facts warranting relief after it presumes all factual allegations in the complaint are true, and construes all reasonable inferences in appellant's favor. Stateex rel. Seikbert v. Wilkinson (1994), 69 Ohio St.3d 489, 490.
 {¶ 14} Civ.R. 8(A) provides in pertinent part:
 {¶ 15} "A pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled."
 {¶ 16} When determining whether a complaint states a claim, the court must liberally construe the pleadings. Miller v. Med. EconomicsConsultants Co., Inc., 2d Dist. No. 19177, 2002-Ohio-4972; Civ.R. 8(F).
 {¶ 17} Appellant's complaint alleges no set of facts which would entitle him to relief. Count One of appellant's complaint states that appellees should have known that his prior convictions have no bearing on his tenant or her grandchildren. Count Two states that appellees knew or should have known appellant can own property, rent to whom he chooses, and live with whom he chooses as long as he does not associate with anyone who is under control of the Adult Parole Authority. Count Three alleges that appellees used a fraudulent excuse to deny Miss Randall custody of her grandchild by referring to the nature of appellant's criminal history as a reason to deny her custody. Count Four states that appellees should know that appellant, ten years after completion of parole, can file a motion to limit the State from raising his past criminal record at trial. He contends that appellees discriminated against him "with the smoke screen of `Nature of His Criminal History'" by denying Miss Randall custody of her grandchild. Appellant further alleges that appellees have no authority to determine the rights of an "Ex-Convict." Count Five, states that appellees have caused appellant "to be subjected to different pains, penalties and procedures * * * with the purposeful intent to deprive Him of the same rights as other's [sic.] whom have been convicted of a Felony."
 {¶ 18} In his "Amended Complaint," appellant responds to appellees' motion to dismiss. He asks the court to take judicial notice of the 11th Amendment to the Constitution. He also states that he is asserting three constitutional claims: property rights, discrimination, and due process of law. Appellant then offers "evidence" of how he has rehabilitated himself after his release from prison.
 {¶ 19} While we are sympathetic to appellant's allegations, we cannot overlook the procedural deficiencies in this case. It is clear from appellant's "complaint" that he failed to allege a set of facts showing he is entitled to relief. In fact, appellant failed to even provide a statement of facts in the complaint. Even if appellant could be said to have demonstrated a claim, he makes no demand for judgment or states what relief he seeks. He appears to be attempting to assert Miss Randall's rights to custody of her grandchild. This is not his place to do so.
 {¶ 20} Accordingly, appellant's assignments of error are without merit.
 {¶ 21} For the reasons stated above, the trial court's decision is hereby affirmed.
Judgment affirmed.
Vukovich and DeGenaro, JJ., concur.