OPINION
{¶ 1} Plaintiff-appellant, Terrance Tortora, appeals from a Mahoning County Common Pleas Court decision dismissing his complaint against defendant-appellee, Attorney James Messenger, for failure to state a claim.
 {¶ 2} The record in this case is scarce. Appellant filed a pro se complaint against appellee on June 25, 2003. He alleged that appellee should be held in contempt for, "wantonly, willfully and knowingly violating R.C. 2716.2 (sic.) for his own personal and professional gain." He asked that the court award him compensatory and punitive damages along with attorney's fees (even though he was acting pro se). On September 3, 2003, appellee filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief could be granted. In his motion to dismiss, appellee stated that he represented appellant's ex-wife in her divorce from appellant. He further stated that the divorce decree ordered appellant to pay monthly support and that the payments were to come out of appellant's pay. Appellee stated that appellant became upset with him because appellant's wages were garnished.
 {¶ 3} Appellant filed a motion to quash in response. He alleged that two wage withholding orders had been issued to his employer. He further stated that he filed a motion alleging the withholding order exceeded the limits prescribed by law for garnishment of wages and the court agreed with him. He contended that appellee knew or should have known the order was in violation of the law. Appellant claimed that the order caused him "great financial hardship" and appellee should be held accountable for his actions.
 {¶ 4} The trial court granted appellee's motion to dismiss on October 10, 2003. It found that appellant's complaint failed to state a claim and had no basis in law or fact. Appellant filed his timely notice of appeal on November 12, 2003.
 {¶ 5} Appellant frames the issue in his brief as, "whether the court is going to abandon the modern trend of authority by imposing a new burden on plaintiffs in transactional legal malpractice cases." (Appellant's Brief at 11). He asserts three assignments of error, which state:
 {¶ 6} "The `case within a case' approach and the `but for' causation requirement impose unfair burdens on victims of legal malpractice."
 {¶ 7} "The modern trend in legal malpractice cases is to moderate the draconian `case within a case' approach by employing `substantial factor' analysis rather than requiring plaintiffs to prove `but for' causation."
 {¶ 8} "Public policy demands an end to the `case within a case' approach and the `but for' standard in legal malpractice cases."
 {¶ 9} Appellant's brief fails to comply with App.R. 16(A)(5) and (6), as it does not contain a statement of the case or a statement of the facts. Additionally, his brief does not contain a certificate of service as is required by App.R. 18(A) and (B).
 {¶ 10} Appellant goes to great lengths to discuss what he believes the issues to be, namely that the tests used to prove legal malpractice should be changed. He cites cases from at least 18 different states (with a focus on California law), along with law review articles, treatises, and other miscellaneous sources. His brief appears to be a collection of law review articles that analyze legal malpractice. Finally, appellant urges this court to, "affirm the decision of the Court of Appeal."
 {¶ 11} Appellant's appeal is from the court's judgment dismissing his complaint. However the arguments he makes in his brief do not address Civ.R. 12(B)(6) or make reference to why appellant is entitled to relief. Thus, his brief lends no support to the ultimate issue in this case. Nonetheless, we will briefly discuss the propriety of the trial court's dismissal of appellant's complaint in the interest of justice.
 {¶ 12} A motion to dismiss for failure to state a claim upon which relief can be granted is a procedural motion that tests the sufficiency of the complaint. State ex rel. Hanson v. GuernseyCty. Bd. of Commrs. (1992), 65 Ohio St.3d 545, 548,605 N.E.2d 378. In order to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must find beyond doubt that appellant can prove no set of facts warranting relief after it presumes all factual allegations in the complaint are true, and construes all reasonable inferences in appellant's favor. State ex rel. Seikbert v. Wilkinson (1994),69 Ohio St.3d 489, 490, 633 N.E.2d 1128.
 {¶ 13} Civ.R. 8(A) sets forth requirements for a complaint and provides in pertinent part:
 {¶ 14} "A pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled."
 {¶ 15} When determining whether a complaint states a claim, the court must liberally construe the pleadings. Miller v. Med.Economics Consultants Co., Inc., 2d Dist. No. 19177, 2002-Ohio-4972; Civ.R. 8(F).
 {¶ 16} Appellant's complaint does not allege any set of facts that would entitle him to relief under Ohio law. It alleges that appellee violated "R.C. 2716.2" (sic.). This statutory section is non-existent. Appellant meant to refer to R.C. 2716.02. This section sets out the procedure for a person to follow who seeks an order of garnishment of personal earnings, after obtaining a civil judgment. Appellant makes no claim that appellee has obtained a civil judgment against him resulting in a garnishment. The present case involves a domestic relations support order.
 {¶ 17} Furthermore, at oral argument, appellant clarified his brief by making claims against appellee that sounded in legal malpractice, alleging that appellee failed to protect his rights. But appellee represented appellant's ex-wife in their divorce. Generally, only a client may bring a legal malpractice action against an attorney. Sayyah v. Cutrell (2001),143 Ohio App.3d 102,110,757 N.E.2d 779. Exceptions exist only when the party bringing the claim is in privity with the attorney's client or when the party bringing the claim asserts that the attorney acted maliciously. Id. Neither is the case here. Thus, appellant has no standing to bring a malpractice claim against appellee.
 {¶ 18} Even when construing appellant's complaint liberally, he does not assert any actionable claim. Thus, his appeal is without merit.
 {¶ 19} Accordingly, the trial court's decision is hereby affirmed.
Vukovich, J., concurs.
Waite, P.J., concurs.