OPINION
{¶ 1} Plaintiff-appellant Sat Adlaka appeals the decision of the Mahoning County Common Pleas Court which dismissed his complaint in favor of defendant-appellee Attorney Matthew Giannini. The main issue is whether the court was permitted to dismiss the action where appellee did not specifically seek Civ.R. 12(B) dismissal in the motion he filed prior to answering. There is also the issue of appellant's motion for sanctions. Although Attorney Giannini's procedures were flawed in various ways, the judgment of the trial court dismissing this action and denying sanctions is hereby affirmed.
 STATEMENT OF THE CASE {¶ 2} On February 16, 2005, appellant Sat Adlaka filed a pro se complaint against appellee Attorney Giannini. Mr. Adlaka alleged harassment, violation of a right to confidentiality by releasing information to a third party and violation of a right to live in peace without anxiety or upset. His complaint stated that Attorney Giannini sent him a certified letter stating that his clients wished to extend a lease and noted that he informed Attorney Giannini that he did not have authority to execute such lease. He then complained that Attorney Giannini mailed him paperwork from some Domestic Relations case. Finally, he alleged that Attorney Giannini released confidential correspondence between appellant and Attorney Giannini to Attorney Engler with malicious intent to defame appellant.
 {¶ 3} Mr. Adlaka attached various documents to his complaint, which allegedly established the claims of his complaint. As will be explained infra, the exhibits are important because they can be viewed in determining whether a complaint states a claim. Thus, we shall briefly review the attached and incorporated exhibits.
 {¶ 4} Exhibit A is a January 23, 2003 letter to Mr. Adlaka from Attorney Giannini on behalf of his clients who wished to exercise a five-year lease extension for a building housing their restaurant, Caffe Capri. Mr. Adlaka returned the letter to Attorney Giannini but wrote at the bottom of the letter that he does not have a lease with Caffe Capri and that he did not wish to receive further correspondence from Attorney Giannini.
 {¶ 5} Exhibit B is a February 20, 2003 letter from Attorney Giannini to Mr. Adlaka advising that rent monies would be deposited with the court if the parking lot at Caffe Capri is not repaired. Mr. Adlaka responded by writing at the bottom of the letter, "As I previously informed you that I am not a Lessor, Please don't send me any letters."
 {¶ 6} Exhibit C is Mr. Adlaka's January 4, 2003 letter to Attorney Giannini expressing his confusion as to why he received paperwork from a domestic relations case and noting that he was faxing the paperwork back to Attorney Giannini as a courtesy. (Apparently, Attorney Giannini mistakenly sent documents from a client's file to Mr. Adlaka; specifically, an affidavit in support of a motion for contempt for violation of a civil protection order in the case of Valentin v. Valentin.)
 {¶ 7} Exhibit D is a September 13, 2004 letter from Mr. Adlaka to Attorney Giannini stating that he represents himself pro se and that he has a claim against Attorney Giannini for harassment. He threatened to file suit if the matter was not amicably resolved within thirty days.
 {¶ 8} Exhibit E is a sarcastic response by Attorney Giannini, which also notes that he is unable to provide a suitable response without knowing the basis of the allegations. This letter noted that a copy was sent to Attorney Engler.
 {¶ 9} Prior to even receiving service on the complaint, Attorney Giannini filed a motion for summary judgment or in the alternative for judgment on the pleadings. He cited Civ.R. 56 and urged that he was entitled to judgment as a matter of law because there were no genuine issues of material fact. Here and in an affidavit, he set forth background information, which cannot be considered in reviewing a dismissal for failure to state a claim.
 {¶ 10} Attorney Giannini later noted (in a response to a discovery request) that part of his motion asked the court to enter judgment solely upon Mr. Adlaka's complaint and its attachments. He urged the court, in lieu of ruling on his summary judgment motion, to examine the complaint and determine if it fails to state a claim. He concluded that a Civ.R. 12(B)(6) dismissal for failure to state a claim (which he did not specifically seek) and a Civ.R. 12(C) judgment on the pleadings (which he did specifically seek) are interchangeable.
 {¶ 11} On April 12, 2005, Mr. Adlaka filed a motion for default judgment due to the lack of an answer (and the lack of a Civ.R. 12(B) motion). He also filed his own motion for summary judgment. Then, he filed a motion to dismiss Attorney Giannini's motion for summary judgment or to allow a continuance for discovery.
 {¶ 12} In his opposition memorandum, Attorney Giannini claimed that his motion sought dismissal under Civ.R. 12(B), with judgment on the pleadings or summary judgment as alternatives. He thus claimed that default judgment was inappropriate because the answer time was tolled by his motion to dismiss.
 {¶ 13} Mr. Adlaka responded by seeking sanctions, alleging Civ.R. 11 signature and certification violations and proclaiming that Attorney Giannini falsely stated that he filed a Civ.R. 12(B) motion to dismiss. Attorney Giannini claimed that he did in fact file a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim.
 {¶ 14} On June 2, 2005, the trial court overruled Mr. Adlaka's motions and dismissed the action. Mr. Adlaka [hereinafter appellant] filed timely notice of appeal.
 ASSIGNMENTS OF ERROR NUMBERS ONE, TWO, FOUR, FIVE, SIX AND SEVEN {¶ 15} Appellant sets forth eight assignments of error in a pro se brief. His first, second, fourth, fifth, sixth and seventh assignments of error will be addressed together. These assignments contend:
 {¶ 16} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DISMISSING MOTION FOR DEFAULT JUDGMENT OF PLAINTIFF/APPELLANT WITHOUT THE APPLICABLE LAW OR CASE LAW, AND WITHOUT NOTICE OF HEARING OR HEARING ON DEFAULT JUDGMENT."
 {¶ 17} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DISMISSING MOTION OF SUMMARY JUDGMENT OF APPELLANT WITHOUT ANY APPLICABLE LAW, CASE LAW OR STATUTES."
 {¶ 18} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY JUDGMENT ENTRY OF MAY 31, 2005 ENTERED ON JUNE 2, 2005. ` — COURT SUSTAINED APPELLEE'S MOTION TO DISMISS', WHERE AS APPELLEE DID NOT FILE MOTION FOR DISMISSAL."
 {¶ 19} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AS NOT ALLOWING DISCOVERY."
 {¶ 20} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AS NOT RULING ON APPELLEE'S SUMMARY JUDGMENT."
 {¶ 21} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AS NOT ALLOWING JURY TRIAL AS ENDORSED ON COMPLAINT."
 {¶ 22} These assignments all deal with the content and ramifications of Attorney Giannini's February 24, 2005 motion. Appellant urges that Attorney Giannini sought summary judgment but did not seek dismissal in a manner that would toll the time for filing an answer. Thus, he posits that his motion for default judgment should have been sustained. He also notes that summary judgment cannot be sought prior to answering and urges that the summary judgment motion should have been dismissed as he requested.
 {¶ 23} Pursuant to Civ.R. 12(A)(1), the defendant shall serve his answer within twenty-eight days after service of the summons and complaint upon him. Civ.R. 12(A)(2) then provides that the service of a motion permitted under this rule alters the answer period so that if the motion is denied, the defendant has fourteen days to answer. Generally, all defenses must be pled in the responsive pleading, except certain listed defenses can be made in a motion prior to the responsive pleading if desired. Civ.R. 12(B). One of these defenses that can either be pled in the answer or placed in a motion to dismiss filed prior to the answer is failure to state a claim upon which relief can be granted. Civ.R. 12(B)(6). This defense can also be raised later in a motion for judgment on the pleadings or even at the trial on the merits. Civ.R. 12(H)(2).
 {¶ 24} Here, Attorney Giannini did not file an answer. Rather, he filed a motion for summary judgment or in the alternative for a judgment on the pleadings. However, although he included a motion for judgment on the pleadings in the title of his motion, Attorney Giannini did not make any argument in support of that prong of his motion. Rather, he focused his arguments wholly on summary judgment and his explanation of facts outside the complaint.
 {¶ 25} Moreover, a judgment on the pleadings is explained as follows: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Civ.R. 12(C). It is clear from the language of Civ.R. 12(C) that a motion for judgment on the pleadings can only be made "after the pleadings are closed." Without an answer, the pleadings were not closed. Thus, although a motion for judgment on the pleadings can raise failure to state a claim, a motion for judgment on the pleadings is not ripe where no answer has been filed. See, e.g., State ex rel. Kaylor v. Bruening (1997),80 Ohio St.3d 142, 143 (if all pleadings are not closed, a Civ.R. 12(C) motion is premature and cannot be considered by the trial court). And, a motion that is not permitted to be made until after the pleadings are closed would not toll the time for filing an answer, which is the very document that closes the pleadings in most cases.
 {¶ 26} Furthermore, a motion for summary judgment is not a motion made under Civ.R. 12, and thus, it does not toll the time for an answer. Additionally, Civ.R. 56(A) provides that "a party may move for summary judgment at any time after the expiration of the time permitted under these rules for a responsive motion or pleading by the adverse party, or after service of a motion for summary judgment by the adverse party." This clearly does not permit a defendant to file a motion for summary judgment prior to answering.
 {¶ 27} Contrary to Attorney Giannini's claims on appeal and his claims in subsequent memoranda to the trial court, his February 24, 2005 motion does not clearly contain a motion to dismiss for failure to state a claim under Civ.R. 12(B)(6). He never mentioned Civ.R. 12(B) or "dismissal." Rather, he dwelled on facts outside the complaint and its attachments. Thus, appellant's complaint that the trial court failed to hold a hearing on his default judgment motion is understandable at first blush. It is true that Attorney Giannini engaged in a practice of multiple procedural irregularities.
 {¶ 28} However, a trial court can sua sponte grant Civ.R. 12(B)(6) dismissal for failure to state a claim. Such action is appropriate if the complaint is frivolous or if the claimant obviously cannot prevail on the facts alleged in the complaint.State ex rel. Kreps v. Christiansen (2000), 88 Ohio St.3d 313,315. See, also, Salata v. Vallas, 159 Ohio App.3d 108,2004-Ohio-6037 (where this court noted that the trial court treated a motion for summary judgment as a motion to dismiss, citing Kreps). And here, the motion at least contained a request for judgment on the pleadings even if no answer had been filed yet.
 {¶ 29} Prior to evaluating the face of the complaint to determine the propriety of the dismissal under the facts of this case, we shall dispose of appellant's complaint that the court converted the motion for summary judgment into a motion to dismiss without proper notice and opportunity for discovery as required by Civ.R. 12(B). When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Civ.R. 56. Civ.R. 12(B). This process requires conversion and notice thereof. State exrel. Boggs v. Springfield Loc. Sch. Dist. (1995),72 Ohio St.3d 94, 96; Petrey v. Simon (1983), 4 Ohio St.3d 154, 155.
 {¶ 30} However, this notice of conversion deals with converting a motion to dismiss into a motion for summary judgment, not the other way around. See Civ.R. 12(B). Since a motion for summary judgment requires presentation and evaluation facts outside the pleadings and its attachments, notice is required so the nonmovant can properly meet any reciprocal burden imposed and seek proper discovery. Civ.R. 56. However, neither of these requirements pertains to a motion to dismiss for failure to state a claim upon which relief can be granted. There is no need for discovery in dealing with a dismissal for failure to state a claim because such dismissal can only be made on the face of the complaint. See Maitland v. Ford Motor Co., 103 Ohio St.3d 463,2004-Ohio-5717, ¶ 11. See, also, State ex rel. Pepple v.Montgomery, 95 Ohio St.3d 1440, 2002-Ohio-2053 (staying discovery pending ruling on motion to dismiss).
 {¶ 31} Also, appellant had the opportunity to respond to a motion for summary judgment and later allegations that the face of the complaint allowed for dismissal. Moreover, since this case is reviewed as a dismissal and not summary judgment, the claimed insufficiency of Attorney Giannini's affidavit attached to his motion is irrelevant because it could not be viewed anyway. (Appellant had complained that the day of the month was missing from the notarization.)
 {¶ 32} Now, we return to the crux of the case. That is, whether Civ.R. 12(B)(6) dismissal for failure to state a claim was warranted. A Civ.R. 12(B)(6) dismissal for failure to state a claim upon which relief can be granted is reviewed de novo since it involves a pure legal issue. Perrysburg Twp. v. Rossford,103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5, citing Cincinnati v.Beretta U.S.A. Corp., 95 Ohio St.3d 416, 2002-Ohio-2480, ¶ 4-5.
 {¶ 33} In order to affirm the trial court's dismissal for failure to state a claim, it must appear beyond doubt that appellant can prove no set of facts warranting the relief requested. State ex rel. Findlay Publishing Co. v. Schroeder
(1996), 76 Ohio St.3d 580, 581, citing State ex rel. Seikbert v.Wilkinson (1994), 69 Ohio St.3d 489, 490. In conducting this review, the court must presume all the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmovant. Id.
 {¶ 34} Where documents are attached or incorporated into the complaint, the face of the complaint to be evaluated includes those documents. See Civ.R. 10(C). "Material incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss." State ex rel.Crabtree v. Franklin Cty. Bd. of Health (1997),77 Ohio St.3d 247, 249, fn.1 (where the Court considered various articles and studies attached to the complaint). If the plaintiff decides to attach documents to his complaint, which he claims establish his case, such documents can be used to his detriment to dismiss the case if they along with the complaint itself establish a failure to state a claim. Aleman v. Ohio Adult Parole Auth. (Apr. 24, 1995), 4th Dist. No. 94CA17.
 {¶ 35} Considering the face of the complaint, which includes the attached documents, this court agrees that appellant can prove no set of facts to prove his claims. There is no confidentiality breach where appellant was not Attorney Giannini's client. The letter copied to Attorney Engler does not constitute defamation. Sending two unsolicited letters on behalf of a client to one believed to be a landlord is not harassment, defamation or invasion of privacy, nor is mistakenly sending documents from an unrelated case. Intentional infliction of emotional distress was not pled or established as there was no claim of outrageous conduct beyond all bounds of decency and as there was no claim of severe emotional distress.
 {¶ 36} From viewing the complaint, the attachments and all reasonable inferences that can be drawn therefrom, we conclude that appellant can prove no set of facts entitling him to relief even if all his claims are taken as true. See Findlay, supra. Thus, sua sponte Civ.R. 12(B)(6) dismissal was proper, and the court was not required to consider appellant's summary judgment motion dealing with facts outside the complaint. The trial court's dismissal is hereby upheld.
 ASSIGNMENT OF ERROR NUMBER THREE {¶ 37} Appellant's third assignment of error contends:
 {¶ 38} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT MOTION FOR SANCTION OF APPELLANT, BY DISMISSING MOTION FOR SANCTION WITHOUT ANY APPLICABLE LAW, OR CASE LAW. AND WITHOUT NOTICE OF HEARING OR HEARING."
 {¶ 39} This assignment revolves around appellant's motion for sanctions due to his claim that Attorney Giannini violated Civ.R. 11. In his motion, he sought $500 in sanctions. On appeal, appellant reiterates his claim that Attorney Giannini failed to mail him two documents in a timely manner. First, he points to Attorney Giannini's motion for summary judgment/judgment on the pleadings filed February 24, 2005. The certification on the motion claims it was mailed on February 24, the same day as the filing. However, appellant complains that it was actually not mailed until February 28, 2005 at the earliest. In support of this claim, he attached the letter Attorney Giannini wrote to him stating that a copy of the motion was enclosed. This letter was not dated until February 28, 2005. Thus, Attorney Giannini's certification on his motion for summary judgment incorrectly dated the certification of mailing at least four days earlier.
 {¶ 40} Second, he points to Attorney Giannini's March 15, 2005 memorandum in opposition to appellant's request for leave to respond and for discovery. The certification of mailing on this document was left blank. The letter Attorney Giannini sent to appellant which accompanied the copy of the memorandum was dated March 22, 2005, more than one week after the memorandum was filed. Additionally, Attorney Giannini failed to sign the memorandum itself.
 {¶ 41} Third, appellant contends that Attorney Giannini made false statements. His motion for sanctions noted that Attorney Giannini falsely claimed that he filed a Civ.R. 12(B)(6) motion to dismiss.
 {¶ 42} Civ.R. 11 provides as follows:
 {¶ 43} "Every pleading, motion, or other document of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address, attorney registration number, telephone number, telefax number, if any, and business e-mail address, if any, shall be stated. A party who is not represented by an attorney shall sign the pleading, motion, or other document and state the party's address. Except when otherwise specifically provided by these rules, pleadings need not be verified or accompanied by affidavit. The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule. Similar action may be taken if scandalous or indecent matter is inserted."
 {¶ 44} The trial court denied appellant's motion for sanctions without a hearing. The terms of Civ.R. 11 do not require the holding of a hearing before denying a request for sanctions. Even R.C. 2323.51, which appellant did not seek sanctions under, only requires a hearing before awarding
sanctions.
 {¶ 45} The trial court's decision on Civ.R. 11 sanctions is reviewed only for an abuse of discretion. State ex rel. Fant v.Sykes (1987), 29 Ohio St.3d 65. Appellant makes much of the fact that Attorney Giannini filed a motion prior to even being served with the summons on the complaint. This may be unusual, presumptuous and a bad idea, but it is not grounds for sanctions. As for the letters mailed late, appellant was not ultimately adversely affected because he was given time to respond to summary judgment and none of his responses were rejected as untimely. Even if the memorandum in opposition to appellant's request for leave should have been struck due to the lack of a signature, the end result here is the same under our analysis set forth regarding the prior assignments of error.
 {¶ 46} Although a reasonable jurist could have reprimanded Attorney Giannini and/or awarded some minimal expenses to appellant, we do not substitute our judgment for that of the trial court on this matter. The trial court's decision to deny the motion for sanctions was not unreasonable, arbitrary or unconscionable. This assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER EIGHT {¶ 47} Appellant's eighth and final assignment of error contends:
 {¶ 48} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AS HE WAS DISCRIMINATED [against] AND APPELLEE ATTY. GIANNINI WAS TREATED SPECIAL."
 {¶ 49} Appellant reiterates his above arguments and claims that the trial court "railroaded this case." Although Attorney Giannini did engage in many strange procedural actions, for the reasons explained in the previous assignments of error, the trial court's decision is sustainable. This assignment of error is without merit.
 {¶ 50} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
DeGenaro, J., concurs.
Ford, J., concurs.