[Cite as *Barker v. Adult Parole Auth.*, 2024-Ohio-823.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE EX REL. DUSTIN BARKER,

Relator,

v.

ADULT PAROLE AUTHORITY,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0079**

---

Writ of Mandamus

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Dustin Barker*, pro se, and

*Atty. John H. Bates*, Assistant Attorney General, for Respondent.


Dated:  March 1, 2024

**PER CURIAM.**

{¶1} Relator Dustin Barker, an inmate at Ohio State Penitentiary (OSP), has filed this original action seeking a writ of mandamus directing Respondent Adult Parole Authority (APA) to comply with his request for records made pursuant to R.C. 149.43. The APA has filed a motion to dismiss. It argues that Barker has not met inmate filing requirements, his public records request is insufficiently detailed, and the records he seeks are exempt from disclosure.

{¶2} In a notice dated June 21, 2023, Barker was informed that following his transitional control screening it had been decided that he was being denied transitional control based upon APA reviewer discretion. The notice was issued on authority of the Parole Board Chair and was signed by Michelle Franko, identified as a Parole Board Parole Officer. Barker seeks records from APA related to its decision denying him transitional control from OSP. He also wants records of all Officer Franko's approvals and denials of parole and transitional control according to age, race, gender, and religion.

{¶3} The Ohio Public Records Act provides that upon request, "all public records responsive to the request shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours." R.C. 149.43(B)(1). A person allegedly aggrieved by the failure to make a public record available "may commence a mandamus action to obtain a judgment that orders the public office or person responsible for the public record to comply with [R.C. 149.43(B)] * * *." R.C. 149.43(C)(1).

{¶4} "In order to be entitled to a writ of mandamus, the relator must establish a clear legal right to the relief prayed for, that respondent has a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law." *State ex rel. Seikbert v. Wilkinson,* 69 Ohio St.3d 489, 490, 633 N.E.2d 1128 (1994). Relators seeking public records in mandamus, however, need not establish the lack of an adequate remedy at law. *State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commrs.,* 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553, ¶ 24.

Case No. 23 MA 0079

**{¶5}** Under Civ.R. 12(B)(6), we must presume all of the factual allegations in the petition are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490, 633 N.E.2d 1128 (1994). A petition may only be dismissed when, having viewed the complaint in this way, it appears beyond doubt the relator can prove no set of facts that would entitle him to the relief requested. *Goudlock v. Voorhies*, 119 Ohio St.3d 398, 2008-Ohio-4787, 894 N.E.2d 692, ¶ 7

**{¶6}** Under R.C. 149.43(A)(1), "public record" is defined generally as any record "kept by any public office * * *." However, the statute exempts certain records from this definition. One such exemption set forth in R.C. 149.43(A)(1)(b) is directly on point here:

"Public record" does not mean any of the following:

(b) Records pertaining to probation and parole proceedings, to proceedings related to the imposition of community control sanctions and post-release control sanctions, or to proceedings related to determinations under section 2967.271 of the Revised Code regarding the release or maintained incarceration of an offender to whom that section applies[.]

**{¶7}** Even presuming all of the factual allegations in Barker's complaint are true and making all reasonable inferences in his favor, the legal barrier remains. The records Barker seeks are categorically exempt from disclosure under the specific provisions of R.C. 149.43(A)(1)(b), which explicitly excludes records related to probation, parole, and similar proceedings from the definition of public record. Despite any favorable interpretation of his claims, it is beyond doubt that Barker can prove no set of facts to circumvent this statutory exemption. Consequently, Barker is unable to establish a clear legal right to the relief he requests, as the very nature of the records he seeks places them beyond the realm of public disclosure.

**{¶8}** Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that the APA's motion to dismiss is GRANTED and this original action in mandamus is DISMISSED. Writ DENIED. Any and all pending motions and unresolved filings are hereby dismissed as moot.

{¶9}   IT IS FURTHER ORDERED, pursuant to Civ.R. 58, that the Clerk of the Mahoning County Court of Appeals shall immediately serve notice of this judgment upon all parties, including unrepresented or self-represented parties, and make a note of it on the docket.  Costs assessed to Relator Dustin Barker.


**JUDGE CAROL ANN ROBB**

**JUDGE CHERYL L. WAITE**

**JUDGE MARK A. HANNI**