[Cite as *G.R.P.L. Ents., Inc. v. Sethi*, 2010-Ohio-6513.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| G.R.P.L. ENTERPRISES, INC., et al., | ) | |
| | ) | CASE NO.  09 MA 205 |
| PLAINTIFFS-APPELLANT, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| MANU SETHI, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |


CHARACTER OF PROCEEDINGS:     Civil Appeal from Common Pleas
                              Court, Case No. 07 CV 3936.


JUDGMENT:                     Affirmed.


APPEARANCES:
For Plaintiffs-Appellant:     Attorney Matthew Giannini
                              1040 South Commons Place
                              Suite 200
                              Youngstown, OH  44514

For Defendants-Appellees:     Attorney R. Jay Carson
                              Frantz Ward LLP
                              2500 Key Center
                              127 Public Square
                              Cleveland, OH  44114


JUDGES:
Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite


                              Dated: December 16, 2010

DeGenaro, J.

**{¶1}** This timely appeal comes on for consideration upon the record in the trial court and the parties' briefs. Plaintiff-Appellant, Gennaro Russo, timely appeals the November 23, 2009 decision of the Mahoning County Court of Common Pleas, which granted a involuntary dismissal under Civ.R. 41(B)(2) in favor of Defendants-Appellees, Manu and Sangeetha Sethi. Russo argues that the trial court erred in finding that Russo was not an intended third-party beneficiary with the right to enforce the terms of a contract between GRPL and the Sethis. However, Russo specifically disclaimed any third-party beneficiary status to the contract. Accordingly, the decision of the trial court is affirmed.

## Facts and Procedural History

**{¶2}** Gennaro Russo is a shareholder of GRPL, which is a land development company that sells land in the Fox Den development in Canfield, Ohio. One of the terms in GRPL's contracts is that Russo Builders Unlimited, Inc. has the right of first refusal to build on the lots sold by GRPL. Gennaro Russo is a shareholder in Russo Builders along with his son, Antonio Russo.

**{¶3}** The Sethis owned a home in the Fox Den development. In 2004, Russo, as an agent of GRPL, sold an adjacent parcel of residential land to the Sethis. The contract terms included that "Gennaro Russo shall have the first right of refusal to build the residence" on the Sethis' lot. In 2006, the Sethis began construction of an addition to their house on the adjacent lot using the services of Sudon Brothers. GRPL filed suit on October 22, 2007 and sought a preliminary injunction that was denied.

**{¶4}** GRPL initially claimed that the failure to disclose the plans for the addition constituted a breach of the contractual provision for right of first refusal, which caused GRPL lost profits. However, in Requests for Admissions, GRPL admitted that it incurred no damages due to the lost construction project; that Russo Builders was designated to provide construction services in the contract, and amended its complaint to add Gennaro Russo individually.

**{¶5}** Throughout discovery Russo claimed individual lost profits resulting from not being given the opportunity to build the Sethis' addition. However, in Request for Admissions directed to GRPL, Russo, as GRPL's agent, specifically denied that Gennaro

Russo was an intended third-party beneficiary to the contract between GRPL and the Sethis, and asserted that Russo Builders was the third-party beneficiary with the right of first refusal.

**{¶6}** Because GRPL voluntarily dismissed its claims with prejudice, the matter proceeded to a bench trial before the magistrate with Russo in his individual capacity as the sole plaintiff. The Sethis then moved for dismissal, arguing that Russo, in his individual capacity was not an intended third-party beneficiary to the contract, and further, that Russo had presented no evidence of damages. The magistrate granted the motion. Russo timely filed Objections to the Magistrate's Decision, which the trial court overruled. Although the trial court's judgment did not dispose of a counterclaim that had been filed by the Sethis, the judgment entry expressly stated that there was "no just cause for delay" making the judgment a final appealable order. Civ.R. 54(B).

### Third Party Beneficiary

**{¶7}** Appellant Russo asserts a single assignment of error:

**{¶8}** "The trial court erred in directing a verdict for the defendants where Gennaro Russo, as principal of the construction company, Russo Builders LTD, is a third-party beneficiary of the first right to construction provision contained purchase agreement entered into by and between Plaintiff, GRPL Enterprises, Inc. and the Defendant homeowners."

**{¶9}** Russo argues that he was an intended third-party beneficiary of the contract because of the right of first refusal provision. Russo argues that he proved this intention because he was acting specifically as an agent for both GRPL and Russo Brothers to enact contractual provisions that would benefit him personally. Russo further argues that because the Sethis hired another contractor without giving Russo the right of first refusal, this caused a loss of income that was intended to benefit him individually as a third-party beneficiary of GRPL.

**{¶10}** A court of appeals will generally not set aside the trial court's dismissal pursuant to Civ.R. 41(B)(2) unless the decision is erroneous as a matter of law or against the manifest weight of the evidence. *Martin v. Lake Mohawk Property Owner's Assn.*, 7th

Dist. No. 04 CA 815, 2005-Ohio-7062, at ¶19.  The court of appeals will defer to the trial court's factual findings, so long as they are supported by competent credible evidence, because the trial court was in the best position to observe witnesses and determine credibility.  *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St. 3d 77, 80, 10 OBR 408, 461 N.E.2d 1273.  But regarding questions of law, an appellate court "may properly substitute its judgment for that of the trial court since an important function of the appellate court is to resolve disputed propositions of law."  *Miller-Yount Paving, Inc. v. Freeman Cargo Carrier, Inc.* (Mar. 30, 2000), 7th Dist. No. 98 C.A. 226, at *3.

{¶11}  A third-party may recover damages flowing from a contract only when the third-party is the intended beneficiary of the contract.  *J.G. Wentworth L.L.C. v. Christian*, 7th Dist. No. 07 MA 113, 2008-Ohio-3089, at ¶34, citing *Grant Thornton v. Windsor House, Inc.* (1991), 57 Ohio St.3d 158, 161, 566 N.E.2d 1220.  If the contract does not indicate an intent to benefit the third-party, then the third-party is merely an incidental beneficiary with no right to enforce the contract.  *McCullion v. Ohio Valley Mall Co.* (Feb. 10, 2000), 7th Dist. No. 97 C.A. 175, at *2.

{¶12}  To be an intended third-party beneficiary the contract "must have been entered into directly or primarily for the benefit of that person."  *Sony Electronics., Inc. v. Grass Valley Group, Inc.*, 1st Dist. Nos. C-010133, C-010423, 2002-Ohio-1614, at *3.  Conferring a benefit on the beneficiary by performance of a contract is not enough to establish an intended third-party beneficiary; instead, the performance of the promise must satisfy a duty owed by the promisee to the beneficiary.  *Visintine & Co. v. New York, C & St. L. R. Co.*, (1959), 169 Ohio St. 505, 507, 9 O.O.2d 4, 160 N.E.2d 311.  If a contract is "clear that the 'primary' and 'paramount' purpose seems to be to benefit the third person * * * he should have an enforceable right * * *."  Id. at 509.

{¶13}  First, Russo claims that he is the "principal" of Russo Builders and thus merges himself and the corporation into one entity to claim third-party beneficiary status.  Second, Russo asserts that he is explicitly referenced in his individual capacity in the contract between GRPL and the Sethis.  Both of these arguments fail.

{¶14}  A party does not attain the status of a third-party beneficiary merely

because he is an agent acting on behalf of one of the parties to a contract. When a party is acting as an agent, his actions are attributed to the principal rather than himself, because the agent is "standing in the shoes" of the principal. See *First Nat. Bank of New Bremen v. Burns* (1913), 88 Ohio St. 434, 441, 103 N.E. 93. Thus, an agent's participation in contracting for a principal will allow the principal to enforce its rights under the contract, but it does not create a right for that agent to enforce the contract on his own behalf or in his individual capacity as a third-party beneficiary.

{¶15} Additionally, a party is not considered a third-party beneficiary merely because he is a shareholder of one of the contracting parties. A corporation is a separate legal entity from the entities which make up the corporation. *Agley v. Tracy* (1999), 87 Ohio St.3d 265, 268, 719 N.E.2d 951. Only a corporation can recover for an injury sustained to the corporation and shareholders do not possess this same privilege. *Adair v. Wozniak* (1986), 23 Ohio St.3d 174, 176, 23 OBR 339, 492 N.E.2d 426. And despite the small size and closed nature of Russo's corporations "[a] corporation is a separate legal entity from its shareholders, even where there is but one shareholder." *LeRoux's Billyle Supper Club v. Ma* (1991), 77 Ohio App. 3d 417, 420, 602 N.E.2d 685. Thus, Russo cannot claim third-party beneficiary status due to his "commonality of ownership and managerial interest in both closed corporate entities."

{¶16} Russo's second argument is that he is named individually in the contract and is therefore a third-party beneficiary. However, in Requests for Admissions directed to GRPL, it is specifically denied that Gennaro Russo was an intended third-party beneficiary to the contract. Pursuant to Civ.R. 36(B), "[a]ny matter admitted [in a response to Request for Admissions] is conclusively established unless the court on motion permits the withdrawal or amendment of the admission."

{¶17} The contract between GRPL and the Sethis' does state that "Gennaro Russo shall have the first right of refusal to build the residence" on the Sethis' lot. However, in the Request for Admissions directed to GRPL, No.16 asked: "Admit that G.R.P.L. intended Gennaro Russo, as an individual and not as a corporate representative, to be a third-party beneficiary of the land sale contract for Lot #59."

Russo, acting as an agent for GRPL, denied this saying, "the Corporate Entity (Russo Builders) is the party with the right to construct homes." Therefore Gennaro Russo did not have the right to personally enforce the contract against the Sethis as a third-party beneficiary.

{¶18} Given the foregoing, Russo only established his status as an agent and shareholder of both GRPL and Russo Builders, and failed to establish that he was personally an intended third-party beneficiary of the contract between GRPL and the Sethis. Therefore, the trial court's finding that Russo did not have the right to enforce the contract against the Sethis was supported by competent, credible evidence, and was proper as a matter of law. Accordingly, Russo's sole assignment of error is meritless, and the judgment of the trial court is affirmed.

Vukovich, P.J., concurs.

Waite, J., concurs.