[Cite as *G.R.P.L. Ents., Inc. v. Sethi*, 2011-Ohio-4334.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| G.R.P.L. ENTERPRISES, INC., | ) | |
| | ) | CASE NO. 10 MA 133 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| MANU SETHI, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Common Pleas Court, Case No. 07 CV 3936.

JUDGMENT:      Affirmed.

APPEARANCES:
For Plaintiff-Appellee:      Attorney Matthew C. Giannini
1040 South Commons Place
Suite 200
Youngstown, OH 44514

For Defendants-Appellants:      Attorney Jay R. Carson
Wegman, Hessler & Vanderburg
6055 Rockside Woods Blvd.
Suite 200
Cleveland, OH 44131

JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich

Dated: August 24, 2011

DeGenaro, J.

{¶1} Defendants-Appellants, Manu and Sangeetha Sethi, appeal from a Mahoning County Common Pleas Court judgment denying their motion for attorney fees. The Sethis assert that the trial court erroneously denied their motion for attorney fees. Upon review, their argument is meritless. Based on the record, the trial court reasonably concluded that the actions of Plaintiff-Appellee, Gennaro Russo, did not constitute frivolous conduct. Accordingly, the judgment of the trial court is affirmed.

**Facts and Procedural History**

{¶2} This case was previously before this court where we set out the following facts:

{¶3} "Gennaro Russo is a shareholder of GRPL, which is a land development company that sells land in the Fox Den development in Canfield, Ohio. One of the terms in GRPL's contracts is that Russo Builders Unlimited, Inc. has the right of first refusal to build on the lots sold by GRPL. Gennaro Russo is a shareholder in Russo Builders along with his son, Antonio Russo.

{¶4} "The Sethis owned a home in the Fox Den development. In 2004, Russo, as an agent of GRPL, sold an adjacent parcel of residential land to the Sethis. The contract terms included that 'Gennaro Russo shall have the first right of refusal to build the residence' on the Sethis' lot. In 2006, the Sethis began construction of an addition to their house on the adjacent lot using the services of Sudon Brothers. GRPL filed suit on October 22, 2007 and sought a preliminary injunction that was denied.

{¶5} "GRPL initially claimed that the failure to disclose the plans for the addition constituted a breach of the contractual provision for right of first refusal, which caused GRPL lost profits. However, in Requests for Admissions, GRPL admitted that it incurred no damages due to the lost construction project; that Russo Builders was designated to provide construction services in the contract, and amended its complaint to add Gennaro Russo individually.

{¶6} "Throughout discovery Russo claimed individual lost profits resulting from not being given the opportunity to build the Sethis' addition. However, in Request for Admissions directed to GRPL, Russo, as GRPL's agent, specifically denied that Gennaro

Russo was an intended third-party beneficiary to the contract between GRPL and the Sethis, and asserted that Russo Builders was the third-party beneficiary with the right of first refusal.

**{¶7}** "Because GRPL voluntarily dismissed its claims with prejudice, the matter proceeded to a bench trial before the magistrate with Russo in his individual capacity as the sole plaintiff. The Sethis then moved for dismissal, arguing that Russo, in his individual capacity was not an intended third-party beneficiary to the contract, and further, that Russo had presented no evidence of damages. The magistrate granted the motion. Russo timely filed Objections to the Magistrate's Decision, which the trial court overruled." *G.R.P.L. Ents., Inc. v. Sethi*, 7th Dist. No. 09-MA-205, 2010-Ohio-6513, at ¶2-6.

**{¶8}** Russo appealed to this court arguing that he was an intended third-party beneficiary of the contract because of the right of first refusal provision. We disagreed, holding that "Russo only established his status as an agent and shareholder of both GRPL and Russo Builders, and failed to establish that he was personally an intended third-party beneficiary of the contract between GRPL and the Sethis." Id. at ¶18. We affirmed the trial court's finding that Russo did not have the right to enforce the contract against the Sethis.

**{¶9}** During the first appeal, the Sethis filed a motion for attorney fees alleging that Russo engaged in frivolous conduct by, among other things, continuing the lawsuit when he and GRPL clearly lacked standing, which Russo opposed. The parties agreed to submit no further evidence and rest on their briefs and exhibits.

**{¶10}** The magistrate determined that when Russo, in his discovery responses, identified that the "corporate entity" was the intended third-party beneficiary of the contract, the complaint should have been immediately amended to bring the proper party before the court. Otherwise, the magistrate reasoned, the complaint should have been dismissed altogether since the contract fails to mention "Russo Brothers Ltd., Inc." and the likelihood of it proving that it was an intended third-party beneficiary of the contract was remote at best. The magistrate concluded that Russo's prosecution of a groundless claim constituted frivolous conduct, and calculated the Sethis' legal fees incurred since

the date Russo served the discovery responses, and ordered judgment against Russo in the amount of $51,894.

{¶11} Russo filed objections to the magistrate's decision, and attached his affidavit wherein he averred that in October 2008, during the pendency of the litigation, the magistrate requested a meeting with each of the parties without their counsel. He further averred that the magistrate told him that he had a basis for his claim and that he would likely be awarded damages. Finally, he averred that as a result of the magistrate's representations, he elected to proceed with the lawsuit instead of negotiating a settlement. The trial court vacated the magistrate's decision and overruled the Sethis' motion for attorney fees.

### Denial of Attorney Fee Motion

{¶12} In their sole assignment of error the Sethis assert:

{¶13} "THE TRIAL COURT ERRED BY SUSTAINING PLAINTIFF-APPELLEE RUSSO'S OBJECTIONS TO THE MAGISTRATE'S DECISION AND DENYING DEFENDANTS-APPELLANTS MANU AND SANGEETHA SETHI'S MOTION FOR ATTORNEYS' FEES."

{¶14} The Sethis make three arguments. First, they contend that the magistrate found that Russo's prosecution of the claim in his own name when he had no standing and no damages constituted frivolous conduct. This finding was based on the fact that Russo and Russo Builder, Ltd., Inc. are separate entities, and only a corporation and not its shareholders can complain of injuries sustained by the corporation, and this was the reason the trial court dismissed the case. Second, they argue that Russo's claim that the magistrate told him he would likely receive a damages award is irrelevant. This would have been highly inappropriate and therefore, it is likely untrue. And even if it were true, this does not excuse Russo's conduct; his state of mind is irrelevant to a determination of whether his conduct was frivolous. Furthermore, the settlement discussion to which Russo referred actually took place in October 2007, discovery had not yet been completed and the only plaintiff was GRPL, not Russo. Third, the Sethis contend that the trial court abused its discretion by denying their motion for fees, and ignored the facts

when it adopted the magistrate's decision dismissing the underlying case: that Russo was neither a party to the contract nor an intended third-party beneficiary, and that Russo failed to present evidence that he would suffer damages from the Sethis' alleged breach of the contract.

{¶15} Russo first argues that it was apparent to the Sethis at all times that Russo, individually, was intended to benefit financially from any construction on the Sethis' lot. He had an exclusive contractual right to any construction on the lot and was within his rights to pursue damages against the Sethis when they commenced construction with another builder without his consent. Consequently, at all times he had a valid and enforceable right pursuant to the contract. Second, both parties filed summary judgment motions which the trial court denied, which demonstrates that there existed genuine issues of material fact entitling neither party to judgment as a matter of law. Thus, his defeat at trial should not be the controlling factor for determining whether his claims were frivolous. Finally, that it was the Sethis' counsel who requested several meetings to negotiate a settlement on the alleged "frivolous" claims. He asserts that prior to the day of trial, each party and their counsel had appeared in court for a total of 14 billable hours, and yet the Sethis claimed 288 billable hours in defense of this litigation. Russo seems to claim that this amount of hours further supports the notion that his claims were not frivolous.

{¶16} R.C. 2323.51 governs awards of attorney fees as sanctions for frivolous conduct.

{¶17} "[A]t any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal." R.C. 2323.51(B)(1). The trial court may then assess and make an award to any party who was adversely affected by frivolous conduct. R.C. 2323.51(B)(1).

{¶18} "Frivolous conduct" includes conduct of a party to a civil action or the party's attorney that "is not warranted under existing law, cannot be supported by a good faith

argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law." R.C. 2323.51(A)(2)(a)(ii).

**{¶19}** A trial court's ruling on a motion to impose sanctions will not be disturbed on appeal absent an abuse of discretion. O*rbit Electronics, Inc. v. Helm Instrument Co., Inc.*, 167 Ohio App.3d 301, 2006-Ohio-2317, 855 N.E.2d 91, at ¶48. But whether a pleading is warranted under existing law is a question of law and is subject to de novo review by the appellate court. Id.; See also *Engintec Corp. v. Miller*, 11th Dist. No. 2008-T-0091, 2010-Ohio-3680, at ¶22; *Riston v. Butler*, 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857, at ¶22.

**{¶20}** The magistrate found that Russo's prosecution of his claim constituted frivolous conduct because it was not "warranted under existing law" nor could it "be supported by a good faith argument for an extension, modification or reversal of existing law * * * or for the establishment of new law." He made this finding based on the "timeless, black-letter law" that a plaintiff-shareholder does not have an independent cause of action for damages to the corporation.

**{¶21}** As the magistrate noted, on April 24, 2008, Russo served its answers to interrogatories on the Sethis. Included in these responses were the following admissions:

**{¶22}** "REQUEST NO. 15: Admit that Gene Russo was acting as an agent of G.R.P.L. when he presented the purchase agreement for Lot #59 to the Sethis.

**{¶23}** "RESPONSE: Admit.

**{¶24}** "REQUEST NO. 16: Admit that G.R.P.L. intended Gene Russo, as an individual and not as a corporate representative, to be a third-party beneficiary of the land sale contract for Lot #59.

**{¶25}** "RESPONSE: Deny as the Corporate Entity is the party with the right to construct homes."

**{¶26}** The magistrate determined that at this point in time, the complaint should have been amended to bring the proper party before the court or otherwise the complaint should have been dismissed.

**{¶27}** However, both parties moved for summary judgment, and in support of their motion the Sethis included quotations of the above requests and responses. The trial court denied both parties' summary judgment motions finding, "genuine issues of material fact exist which preclude a grant of summary judgment in favor of either Plaintiff or Defendant." Thus, at that point in time, the trial court concluded that Russo could still have standing despite the above cited responses to admissions. Although not determinative, the fact that the trial court denied summary judgment demonstrates that Russo provided at least some factual basis to support his claims. See *Wrinch v. Miller*, 183 Ohio App.3d 445, 2009-Ohio-3862, 917 N.E.2d 348, at ¶55 (where the Ninth District used the denial of summary judgment as evidence of "at least some factual basis to support the claims"), citing *Baker v. Beachwood Villas Condominium Owners Assn.*, 6th Dist. No. E–03–011, 2004-Ohio-682, at ¶23 (where the trial court's denial of a directed verdict on the appellant's claim was arguably a determination that the claim was not frivolous).

**{¶28}** Furthermore, a shareholder cannot maintain an independent cause of action for damages to a corporation. *Adair v. Wozniak* (1986), 23 Ohio St.3d 174, 176, 492 N.E.2d 426. But "this general principle has no application where the wrongful acts are not only against the corporation but are also violations of a duty arising from contract or otherwise owed directly by the wrongdoer to the shareholder." Id. The contract provided at paragraph two that the Sethis and GRPL agreed, "[t]hat Gennaro Russo shall have the first right of refusal to the [sic.] build the residence located on the aforementioned lot. " And it provided at paragraph three, "[t]hat in the event * * * [the Sethis were] unable or unwilling to commence the construction * * * or * * * wish to sell the aforementioned real estate, that Gennaro Russo shall have the right of first refusal to purchase same * * *." Thus, an argument could be made under these terms that Russo was an intended third-party beneficiary of the contract.

**{¶29}** The fact that the trial court ultimately concluded that Russo was neither a party to the contract nor an intended third-party beneficiary does not automatically lead to the conclusion that Russo's claim was frivolous. Just because the court reached these

conclusions after considering the evidence does not mean that it did not believe that Russo initially asserted a valid claim.

{¶30} Consequently, the trial court did not abuse its discretion in denying the Sethis' motion for attorney fees. Accordingly, the Sethis' sole assignment of error is meritless, and the judgment of the trial court is affirmed.

Waite, P.J., concurs.

Vukovich, J., concurs.