[Cite as *NBRT Properties, Inc. v. ATFH Real Property, L.L.C.*, 2018-Ohio-4724.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

NBRT PROPERTIES, INC.,

Plaintiff-Appellant/Cross-Appellee,

v.

ATFH REAL PROPERTY, LLC, ET AL.,

Defendant-Appellee/Cross-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 MA 0136**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2016 CV 1986

**BEFORE:**
Kathleen Bartlett, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
AFFIRMED IN PART; REVERSED IN PART; REMANDED

---

*Atty. Thomas Loepp*, 1865 Arndale Road, Suite B, Stow, Ohio 44224, for
Appellant/Cross-Appellee and

*Atty. Thomas Hull, II*, 201 East Commerce Street, Youngstown, Ohio 44503, for
Appellee/Cross-Appellant.

Dated: November 21, 2018

**BARTLETT, J.**

{¶1} Appellant/Cross-Appellee, NBRT Properties, LLC ("NBRT"), appeals the judgment entry of the Mahoning County Court of Common Pleas granting the Civ.R. 12(B)(6) motion filed by Appellees/Cross-Appellants, Joseph M. Parent and Rachel A. Parent in this action to quiet title. In their cross-appeal, the Parents assert the trial court erred when it overruled their motion for attorney's fees, filed pursuant to R.C. 2323.51(B)(2)(c), as a sanction for NBRT's frivolous conduct.

{¶2} For the following reasons, the judgment of the trial court is affirmed with respect to the motion to dismiss and reversed with respect to the motion for sanctions. This case is remanded for the trial court to conduct a hearing to determine whether the Parents were adversely affected by the quiet title action, and, if so, to determine the amount of the award. R.C. 2323.51(B)(2).

I.      Facts and Procedural History

{¶3} On July 26, 2016, NBRT filed a complaint against ATFH Real Property, LLC ("ATFH"), alleging breach of contract, fraud and conversion, and unjust enrichment, based upon a real estate purchase agreement executed by the parties in January of 2014. The purchase agreement, which was attached to the complaint, purported to transfer ownership of real estate in the City of Youngstown, Ohio identified by handwritten permanent parcel numbers 530060283000, 530060820000, and 53-006-0-282 for the purchase price of $13,000.00. The claims against ATFH are predicated upon its failure to transfer ownership of City Lot No. 16196 to NBRT. The Parents, who are the titled owners of Lot No. 16196, were named solely for the purpose of an action to quiet title to City Lot No. 16196.

{¶4} According to the complaint, ATFH represented itself as the owner of real estate commonly known as 1012 Bryson Street. (Compl. ¶ 4.) A legal description of that property is attached to the complaint, and reads, in pertinent part, "Situated in the City of Youngstown, County of Mahoning and State of Ohio and known as being Youngstown City Lot No. 16196." NBRT and its principals were misled by ATFH that the permanent parcel numbers for the real property transferred by the purchase

agreement corresponded to Youngstown City Lot Nos. 16196, 16197, 16198. (*Id.* ¶¶ 5, 9).

{¶5} Section 4.2 of the purchase agreement, captioned "Guaranty," reads, in its entirety:

> Seller shall not be required to obtain a Title Guaranty. Buyer at own expense may acquire a title guarantee. Seller will not pay fees associated with the Title Company. If for some reason, buyer is unable to acquire guarantee, seller shall have 30 days to acquire insurable title.

"Contract contingent on clear title" is handwritten and initialed by "TM."

{¶6} Pursuant to the purchase agreement, ATFH recorded deeds in favor of NBRT for Lot Nos. 16197 and 16198. (Id. ¶ 13). However, NBRT concedes that no deed was recorded in its favor for Lot No. 16196. (Id. ¶ 14). The quit claim deed transferring the property "commonly known as: 115 Illinois Avenue, Youngstown, Ohio 44505" from ATFH to NBRT is attached to the complaint. The deed refers to an "exhibit A", which is not attached. According to the complaint filed on July 26, 2016, NBRT was in the process of renovating the two properties purchased from ATFH, but neither NBRT nor the trash collector could access NBRT's trash dumpster because ATFH did not record a deed in favor of NBRT for Lot No. 16196. (Compl. ¶¶ 22-25).

{¶7} A preliminary judicial report prepared by Stewart Title Guaranty Company, dated June 19, 2016, which is also attached to the complaint, identifies the Parents as the titled owners of the property. According to Schedule B of the report, the permanent parcel number associated with Lot No. 16196 is 53-006-0-281.00-0, which is not one of the permanent parcel numbers listed in the purchase agreement. The tax detail attached to the report further establishes that North Manor Center Inc. ("North Manor") was the titled owner of Lot No. 16196 in January of 2014, when the purchase agreement between NBRT and ATFH was executed. MCLRC acquired Lot 16196 on March 22, 2016, via Sheriff's deed, pursuant to a foreclosure order entered against North Manor for failure to pay delinquent taxes on the property.

{¶8} Unbeknownst to NBRT, on March 15, 2016, the Mahoning County Sheriff transferred Lot No. 16196 to the Mahoning County Land Reutilization Corporation

("MCLRC"). On May 21, 2016, MCLRC transferred the property by quit claim deed to the Parents. Both deeds are attached to the complaint.

{¶9} On October 25, 2016, the Parents filed the motions to dismiss and for sanctions at issue in this appeal. While the motions were pending, default was entered against ATFH on February 7, 2017.

{¶10} Following two damages hearings, the magistrate entered default judgment against ATFH and in favor of NBRT for compensatory damages in the amount of $246,130.04. In his decision, the magistrate explained that testimony offered at the hearings established the properties transferred to NBRT were worthless without Lot No. 16196, because that lot provided necessary parking and access to the other parcels of property. (9/6/17 Mag. Dec., p. 2).

{¶11} However, the magistrate limited NBRT's damages based upon its failure to mitigate. The magistrate reasoned that NBRT should not be compensated for any investment in the project after September of 2014, when NBRT learned that ATFH was not the titled owner of Lot 16196 at the time the parties executed the purchase agreement. No punitive damages were awarded based on NBRT's failure to demonstrate actual malice.

{¶12} On September 8, 2017, the trial court granted the Parents' motion to dismiss. The trial court relied upon the material attached to the complaint to conclude that the purchase agreement identified the real property by permanent parcel number, rather than lot number, and none of the permanent parcel numbers corresponded with Lot No. 16196. The trial court wrote, "The Court is certainly not required to ignore an obvious and misleading inconsistency in reviewing this matter. Thus, the Court finds that there is no written contract that specifically identifies City Lot No. 16196 (the parcel in dispute) as a parcel purchased by [NBRT]." (9/8/17 J.E. p. 3.)

{¶13} The trial court further opined that NBRT did not have standing to assert a quiet title action because it was neither in actual nor constructive possession of the property, and it did not hold a remainder or reversion interest in the property. Finally, the trial court concluded NBRT had an adequate remedy at law, a breach of contract action against ATFH, and, therefore, could not pursue the equitable quiet title remedy. The trial court denied the motion for sanctions, finding that the quiet title action was not

frivolous.

## II. Law

{¶14} To state a claim for relief, a complaint must contain: (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled. Civ.R. 8(A). "A complaint alleges the elements of the claim with sufficient particularity if it gives reasonable notice of the claim to opposing parties." *Bahen v. Diocese of Steubenville*, 7th Dist. No. 11 JE 34, 2013-Ohio-2168, ¶ 11. "[T]o constitute fair notice [so as to state a claim] the complaint must * * * allege sufficient underlying facts that relate to and support the alleged claim, and may not simply state legal conclusions." *Fed. Natl. Mtge. Assn. v. Brown*, 7th Dist. No. 16 CO 0008, 2017-Ohio-9237, ¶ 19, quoting *Hernandez v. Riggle,* 2016-Ohio-8032, 74 N.E.3d 822*,* ¶16 (7th Dist.).

{¶15} A motion to dismiss for failure to state a claim upon which relief can be granted is a procedural motion that tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). In order to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must find beyond doubt that the plaintiff can prove no set of facts warranting relief after it presumes all factual allegations in the complaint are true, and construes all reasonable inferences in the plaintiff's favor. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490, 633 N.E.2d 1128 (1994). We independently review the complaint to determine if dismissal was appropriate. *Roberts v. Switzerland of Ohio Local School Dist.,* 2014-Ohio-78, 7 N.E.3d 526, ¶ 7 (7th Dist.).

{¶16} The trial court must limit its consideration to the four corners of the complaint. *Hernandez, supra* ¶ 9. However, "[w]here documents are attached or incorporated into the complaint, the face of the complaint to be evaluated includes those documents." *Adlaka v. Giannini*, 7th Dist. No. 05 MA 105, 2006-Ohio-4611. "[M]aterial incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss." *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249, fn. 1, 673 N.E.2d 1281 (1997)(various articles and public health studies attached to the complaint were considered in Rule 12 motion); see also *State ex. rel. GMS Mgt. Co., Inc. v. Vivo*, 7th Dist. No. 10 MA 1, 2010-Ohio-

4184, ¶ 14 (written correspondence attached to the complaint considered for the purposes of motion to dismiss).

    III.    <u>Analysis</u>

**{¶17}** In its sole assignment of error, NBRT asserts:

The trial court erred in dismissing Plaintiffs' claims against the Parents.

**{¶18}** NBRT cites our decision in *Park v. Acierno*, 160 Ohio App.3d 117, 2005-Ohio-1332, 826 N.E.2d 324 (7th Dist.), for the proposition that the trial court erred when it considered the material attached to the complaint without converting the motion to dismiss to a motion for summary judgment. Civ. R. 12(B)(6) reads, in pertinent part:

When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.

**{¶19}** In *Park*, the trial court dismissed a complaint for specific performance of a real estate contract. A copy of an alleged purchase agreement and a carbon page from Park's checkbook denoting the payment of a $2,000.000 deposit were attached to his complaint.

**{¶20}** The Aciernos filed a motion to dismiss asserting that the alleged purchase agreement did not comport with the statute of frauds, and that the parties did not intend it to be a binding contract. They attached to their motion a form purchase agreement, which was offered to Park after the alleged purchase agreement was signed, to demonstrate that negotiations for the purchase of the real estate were ongoing. Park argued that the statute of frauds requirements had been met, and he attached an affidavit describing the events surrounding the execution of the alleged purchase agreement to his opposition brief.

<u>Case No. 17 MA 0136</u>

{¶21} The trial court overruled what it characterized as "the motion to dismiss/motion for summary judgment." Thereafter, the Aciernos sent a letter to Park stating that Park could close on the property by tendering the amount contained in the alleged purchase agreement. As a condition of the sale, Park was required to dismiss the lawsuit with prejudice, with each party bearing his own costs and attorney's fees.

{¶22} Roughly one month later, the Aciernos filed a renewed motion to dismiss with the letter attached. They incorporated their prior motion by reference and added argument based on their recent sale offer. The Aciernos asserted that Park had failed to close the sale and alleged that he did not have the ability or intent to purchase the realty.

{¶23} The trial court granted the renewed motion to dismiss. Although Park did not file an opposition brief, the trial court referred to Park's arguments that the terms offered in the Aciernos' letter did not provide sufficient time to obtain financing. In the judgment entry, the trial court chastised Park for failing to secure financing despite the fact that his complaint for specific performance had been pending for over six months. *Id.* ¶ 9.

{¶24} We reversed and remanded the matter, reasoning that the Aciernos relied on evidence outside of the pleadings. Even assuming arguendo that the trial court converted the motion to dismiss into a motion for summary judgment, we found that the trial court failed to provide at least 14 days' notice to Park. Finally, we held that the letter attached to the renewed motion to dismiss did not comport with the requirements of Rule 56, because it was not incorporated by an affidavit. *Id.* ¶¶ 32-34.

{¶25} Here, the Parents relied exclusively on the material attached to the complaint, rather than any additional evidence attached to their motion to dismiss. Consequently, NBRT's reliance on our decision in *Acierno* is misplaced. This case is analogous to *Adlaka*, supra, where the trial court considered a series of letters attached to the complaint. In affirming the dismissal of the complaint in that case, we reasoned, "[i]f the plaintiff decides to attach documents to his complaint, which he claims establish his case, such documents can be used to his detriment to dismiss the case if they along with the complaint itself establish a failure to state a claim." *Id.* ¶ 34, citing *Aleman v. Ohio Adult Parole Auth.*, 4th Dist. No. 94CA17, 1995 WL 257833 (Apr. 24, 1995). The

same rationale applies here. Accordingly, we find the trial court had no obligation to convert the motion to dismiss in this case to a motion for summary judgment prior to entering judgment in favor of the Parents on the quiet title action.

{¶26} Next, NBRT contends that the trial court erred in dismissing the complaint because NBRT has standing as a "person out of possession" for the purposes of the quiet title statute. An action to quiet title is a statutory cause of action under R.C. 5303.01. See *Scarberry v. Lawless*, 4th Dist. No. 09CA18, 2010-Ohio-3395, ¶ 18-20 citing *Holstein v. Crescent Communities, Inc.,* 10th Dist. No. 02AP-1241, 2003-Ohio-4760, at ¶ 26. R.C. 5303.01 reads, in pertinent part:

> An action may be brought by a person in possession of real property, by himself or tenant, against any person who claims an interest therein adverse to him, for the purpose of determining such adverse interest. *Such action may be brought also by a person out of possession, having, or claiming to have, an interest in remainder or reversion in real property, against any person who claims to have an interest therein, adverse to him*, for the purpose of determining the interests of the parties therein.

(Emphasis added).

{¶27} The Ohio Supreme Court observed over a century ago that the quiet title statute "gives a right of action to quiet title to one out of possession who claims an estate or interest in remainder or reversion in real property. It does not give such right to one out of possession who claims the entire estate." *Raymond v. Toledo*, 57 Ohio St. 271, 48 N.E. 1093 (1897), paragraph seven of the syllabus. Therefore, where a party bringing a quiet title action lacks either possession or a claim of an interest in remainder or reversion, the action cannot be maintained. *Dominion Homes, Inc. v. Shinoskie*, 10th Dist. No. 01AP-794, 2002-Ohio-2298, ¶ 18, citing *Paden v. Miller*, 5th Dist. No. 00CA29, 2001 WL 1782890, *1 (Feb. 8, 2001).

{¶28} Further, NBRT's legal conclusion that it has standing to maintain a quiet title action is not supported by the facts in the complaint. NBRT asserts in its brief that "NBRT was in actual, physical possession of the property at issue – after it believed that it purchased the same, and while it tore the building down." (Appellant's Brf. 7.)

However, the complaint reads, in pertinent part:

> 18.    A dilapidated building was attached and connected to buildings purchased by [NBRT].
>
> 19.    This dilapidated building was located on [Lot 16196].
>
> 20.    *The city of Youngstown demolished the structure.*
>
> 21.    The [Parents] did not object to such demolition at the time that same occurred.

(Emphasis added).  Accordingly, we will not consider any argument predicated upon the allegation that NBRT demolished a building on Lot No. 16196, as it directly conflicts with the allegations in the complaint.

{¶29} NBRT concedes that no deed was recorded in its favor for Lot No. 16196. The report attached to the complaint confirms that the permanent parcel number associated with Lot No. 16196 was not among the three parcels transferred in the purchase agreement.  Finally, the report states that ATFH was not the titled owner of Lot No. 16196 when the purchase agreement was executed.  NBRT admits in the complaint that "ATFH was not the owner of all of the property that it claimed that it was selling to [NBRT]."  (Compl. ¶ 32.)

{¶30} Based upon the foregoing facts taken from the complaint and the attachments to the complaint incorporated by reference, NBRT failed to allege "sufficient underlying facts that relate to and support the alleged claim" that it has actual or constructive possession or an interest in remainder or reversion in Lot No. 16196. See *Brown*, supra.  Because it is clear from the face of the complaint that NBRT does not have standing to bring a quiet title action, we find that the trial court did not err in granting the Parents' Civ.R. 12(B)(6) motion, and NBRT's sole assignment of error has no merit.

{¶31} In the Parents' sole assignment of error, they assert:

THE TRIAL COURT ERRED IN FAILING TO FIND THAT THE
COMPLAINT FILED AGAINST THE PARENTS IN THIS MATTER WAS
FRIVOLOUS AND IT SHOULD HAVE SET A HEARING TO DETERMINE
THE APPROPRIATE SANCTIONS

**{¶32}** R.C. 2323.51 governs awards of attorney fees as sanctions for frivolous conduct, and reads, in pertinent part:

> [A]t any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal. R.C. 2323.51(B)(1). The trial court may then assess and make an award to any party who was adversely affected by frivolous conduct.

R.C. 2323.51(B)(1). Prior to awarding attorney's fees, the trial court must conduct a hearing in accordance with R.C. 2323.51(B)(2)(c) to determine whether the particular conduct was frivolous, and, if so, whether any party was adversely affected by it. The trial court must also determine the amount of the award. R.C. 2323.51(B)(2).

**{¶33}** For the purposes of the Parents' motion, "conduct" includes the assertion of a claim in a civil action. R.C. 2323.51(A)(1)(a). "Frivolous conduct" of a party to a civil action, or the party's counsel of record, includes conduct that "is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law." R.C. 2323.51(A)(2)(a)(ii).

**{¶34}** A trial court's ruling on a motion to impose sanctions will not be disturbed on appeal absent an abuse of discretion. *G.R.P.L. Enterprises, Inc. v. Sethi*, 7th Dist. No. 10 MA 133, 2011-Ohio-4334, ¶ 19, citing *Orbit Electronics, Inc. v. Helm Instrument Co., Inc.*, 167 Ohio App.3d 301, 2006-Ohio-2317, 855 N.E.2d 91 (8th Dist.), at ¶ 48. However, whether a pleading is warranted under existing law is a question of law and is subject to *de novo* review by the appellate court. *Id.* ¶ 10; See also *Engintec Corp. v. Miller*, 11th Dist. No.2008-T-0091, 2010-Ohio-3680, at ¶ 22; *Riston v. Butler*, 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857 (1st Dist.), at ¶ 22.

**{¶35}** Correspondence between the parties' counsel was attached to the Parents' motion for sanctions. The complaint was filed on July 26, 2016. In a letter dated August 29, 2016, counsel for the Parents noted the legal and factual defects of the quiet title action that were later memorialized in the motion to dismiss. The letter

cautioned NBRT that the Parents were considering a countersuit based upon NBRT's use of heavy commercial vehicles that had traversed Lot No. 16196 and damaged the asphalt. In his response, counsel for NBRT indicated that he would discuss the contents of the letter with his client.

{¶36} On October 5, 2016, counsel for the Parents informed opposing counsel that their answer was due and that they would be seeking sanctions for frivolous conduct should they be forced to undertake the cost of a motion to dismiss. Counsel for NBRT responded that he appreciated the Parents' patience and that he was "waiting to see what the other defendant files."

{¶37} In an electronic mail dated October 6, 2016, counsel for the Parents explained, in an effort to limit his fees, he had sought two extensions of time to file a responsive pleading. He cautioned that no third extension would be requested because the claims against ATFH had no legal impact on the quiet title action, the Parents were bona fide purchasers, and the pending litigation besmirched their ownership of the property. The Parents' counsel forewarned NBRT that a motion for sanctions would be filed in the event that the quiet title action was not voluntarily dismissed.

{¶38} The motions to dismiss and for sanctions were filed on October 25, 2016. Both motions were fully briefed and almost a year passed before the trial court entered judgment.

{¶39} Based on the attachments to the complaint, NBRT should have been aware on the day that the quiet title action was filed that it had no actionable interest in the Lot 16196. The complaint clearly states claims for breach of contract, fraud and conversion, and unjust enrichment against ATFH. Had NBRT substantiated the allegations in the complaint at trial, ATFH would have been liable to NBRT for compensatory and punitive damages. However, proof of ATFH's fraudulent conduct would have had no impact on the Parents' valid chain of title. Moreover, NBRT was on notice of the legal defects in their case, and the likelihood that a motion for sanctions would be filed if the quiet title action was not voluntarily dismissed.

{¶40} For these reasons, we find the Parents' sole assignment of error has merit, and the trial court erred in denying the motion for sanctions because the quiet title action was frivolous as a matter of law. Accordingly, this case must be remanded for

the trial court to conduct a hearing to determine whether the Parents were adversely affected by the quiet title action and, if so, to determine the amount of the award. R.C. 2323.51(B)(2).

IV.     Conclusion

**{¶41}** Because it is clear from the face of the complaint and the attachments incorporated therein that NBRT did not have standing to bring a quiet title action, we find the trial court did not err in granting the Parents' Civ.R. 12(B)(6) motion. Because NBRT's action to quiet title was frivolous as a matter of law, we find the trial court erred when it denied the Parents' motion for sanctions.

**{¶42}** Accordingly, the judgment of the trial court is affirmed with respect to the motion to dismiss and reversed with respect to the motion for sanctions. This case is remanded to the trial court to conduct a hearing to determine whether the Parents were adversely affected by the quiet title action, and, if so, to determine the amount of the award. R.C. 2323.51(B)(2).

**Donofrio, J., concurs.**

**Robb, P.J., concurs.**

Case No. 17 MA 0136

---

For the reasons stated in the Opinion rendered herein, the assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed with respect to the motion to dismiss and reversed with respect to the motion for sanctions. We hereby remand this matter to the trial court to conduct a hearing to determine whether the Parents were adversely affected by the quiet title action, and, if so, to determine the amount of the award. R.C. 2323.51(B)(2). Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**